UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INGENCO HOLDINGS, LLC, a Delaware limited liability company, and BIO ENERGY (WASHINGTON), LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | No. 15 C 1139<br>Judge James B. Zagel<br><br>Issued from the USDC for the Western District of Washington in Case No. 13 C 543<br>Judge Richard A. Jones |

## MEMORANDUM OPINION AND ORDER

Presently before me is Defendants' Motion to Quash Plaintiffs' Subpoenas of Michael L. Foran and Foran Glennon Palandech Ponzi & Rudloff PC ("Motion to Quash"). The subpoenas in question are notable because Mr. Foran and his law firm represent Defendant ACE American Insurance Company in this matter as well as the above-referenced matter pending in the United States District Court for the Western District of Washington. Specifically, Plaintiff Ingenco Holdings requests: (1) the deposition testimony of Mr. Foran and a representative of his law firm, (2) law firm invoices related to Mr. Foran's representation of Defendant, and (3) any engagement letters that either Mr. Foran or his law firm sent Defendant related to this representation.

"A party has a general right to subpoena any person to appear at a deposition or to produce documents for inspection and copying." *Thayer v. Chiczewski*, 257 F.R.D. 466, 469 (N.D. Ill. 2009) (citing Fed. R. Civ. P. 45). The court, however, must quash or modify a subpoena to a non-party witness if the subpoena "subjects a person to undue burden" or "requires

1

disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv).

Defendants' first argument for quashing Plaintiffs' subpoenas—that they impose an undue burden under Rule 45(d)(3)(A)(iv)— fails to persuade me. The volume of the documents requested in the subpoenas is insignificant as it involves only two categories of documents that most likely contain no more than a few dozen pages. The time period covered by the request for production of documents is less than two years, which is reasonably short. Finally, the subpoenas describe the documents with reasonably detailed particularity.

Defendants' second argument, however, offers a valid basis for quashing the subpoenas in question. Under Rule 45(d)(3)(A)(iii), I must quash subpoenas that require disclosure of privileged information if no exception or waiver applies. In *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir.1986), the Eighth Circuit provides a framework for evaluating attempts to depose opposing counsel. Although *Shelton* is not binding here, several judges in my circuit have chosen to apply its four-part test, which would certainly lead me to grant Defendants' Motion to Quash if I followed it. Even if I refrain from applying *Shelton*, however, Plaintiffs' supboenas for Mr. Foran's deposition testimony must still be quashed because they are unnecessary under these circumstances. *See Howard v. Securitas Sec. Services, USA Inc.*, 630 F. Supp. 2d 905, 910-911 (N.D. Ill. 2009) ("the circuit courts considering this issue seem to hold generally that a deposition of opposing counsel should not proceed unless there is a strong showing of need and evidence that all other discovery avenues have been exhausted").

All of the information that Plaintiffs are requesting from Mr. Foran and his law firm can just as easily be provided by a representative of ACE—in fact, some of it has already been provided. This is a better avenue for discovery. With regard to Plaintiffs' document requests,

ACE has already voiced its objections in a Joint Motion in the Main Action that is pending before Judge Jones. This is an issue that should be left to Judge Jones to resolve, and if he should allow it, I will revisit this issue.

## CONCLUSION

Accordingly, I grant Defendants' Motion to Quash Plaintiffs' Subpoenas of Michael L. Foran and Foran Glennon Palandech Ponzi & Rudloff PC.

ENTER:

James B. Zagel
United States District Judge

DATE: March 19, 2015